IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DERIC LaVELLE MAY,                :
    Plaintiff,                :
                                      :
                                      :
vs.                               :         CIVIL ACTION 13-385-CB-M
                                      :
KIM THOMAS, *et al.*,             :
    Defendants.               :
                                      :

REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prisoner inmate, Deric LaVelle May, proceeding *pro se*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. During the screening of the Complaint,[1] the Court discovered that this action is subject to the provisions of 28 U.S.C. § 1915(g). Accordingly, it is recommended that this action be

---

[1] Pursuant to Local Rule 83.9, *pro se* plaintiffs are required to file their pleadings on forms provided by the Court. Plaintiff initially failed to comply with this Rule when filing the present action and, on July 29, 2013, was ordered by the Court to bring his Complaint into compliance with the Rule. (Doc. 3). On September 18, 2013, Plaintiff complied with the Court's order and filed his § 1983 action on the correct form (Doc. 6), and on September 25, 2013, filed his Motion to Proceed Without Prepayment of Fees. (Doc. 7). Since the time at which Plaintiff filed his Complaint is at issue, the Court will consider Plaintiff's original non-compliant Complaint to determine time of filing. (Doc. 1). For purposes of determining imminent danger of serious physical injury under § 1915(g), the Court will consider the content of Plaintiff's second Complaint. (Doc. 6).

dismissed without prejudice under 28 U.S.C. § 1915(g) for the reasons stated below.

Under the Prisoner Litigation Reform Act ("PLRA"), prisoners are permitted to file only three meritless suits in the *in forma pauperis* status. 28 U.S.C. § 1915(g). Specifically, § 1915(g) states in pertinent part:

> In no event shall a prisoner bring a civil action or appeal judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* This section of the Prisoner Litigation Reform Act is known as the "three-strike rule." Under this rule, once a prisoner has three actions dismissed for one of the reasons stated above, "he is not entitled to proceed *in forma pauperis* . . . unless he can demonstrate that he meets the 'imminent danger' requirement § 1915(g)." *Pointer v. Marc,* 2011 WL 847012, at *1 (S.D. Ohio Mar. 8, 2011). "The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

After reviewing the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama through PACER ("Public Access to Court Electronic Records"), the Court discovered that Plaintiff has had at least three actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, namely, *May v. Culliver,* 1:10-CV-121-CG-C (S.D. Ala. Feb. 24, 2012)(Doc. 40)(complaint dismissed for failure to state a claim), (Doc. 55)(appeal dismissed as frivolous); *May v. Barber,* 1:13-CV-237-CB-C (S.D. Ala. July 22, 2013)(dismissed as malicious). Thus, as of July 22, 2013, Plaintiff became a "three-striker" and, based on the analysis below, the present action falls under the purview of 28 U.S.C. § 1915(g).

Our Circuit has consistently looked at the time of filing when considering whether § 1915(g) prevents a prisoner from proceeding *in forma pauperis.* *See Brown v. Johnson,* 387 F.3d 1344, 1347 (11th Cir. 2004)(stating that a prisoner is prevented from proceeding *in forma pauperis after* he has filed three meritless lawsuits)(emphasis added); *Dupree v. Palmer,* 284 F.3d at 1236 (11th Cir. 2002)(examining whether a prisoner's complaint fell under § 1915(g) "at the moment of filing"); *Vanderberg v.*

*Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001)("*[a]fter* the third meritless suit, the prisoner must pay the full filing fee *at the time he initiates* suit")(emphasis added). "The plain reading of § 1915(g) also suggests that strikes are to be counted at the time the complaint is filed." *Dollar v. Coweta Cnty. Sheriff Office,* 510 F.App'x 897, 900 (11th Cir. 2013). The relevant language of the provision reads "[i]n no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more *prior* occasions . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim . . . ." 28 U.S.C. § 1915(g)(emphasis added). Therefore, we must determine the date that Plaintiff filed this Complaint to determine if he may proceed with this action.

Typically, when determining the time of filing of a Complaint, a *pro se* prisoner plaintiff will receive the benefit of the "prisoner mailbox rule" that the Supreme Court established in *Houston v. Lack*. 487 U.S. 266, 270-76 (1988)(a *pro se* prisoner's notice of appeal is deemed "filed" at the moment he delivered it to the warden for forwarding to the clerk of the district court). The Court in *Houston* explained that a *pro se* prisoner cannot take the precautions that are available to other litigants to ensure

4

that their documents are timely filed. *Id.* at 271. "Worse, the *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay." *Id.* Since then, the Eleventh Circuit has held that the ruling in *Houston* extends to Section 1983 cases, such as this one. *Garvey v. Vaughn,* 993 F.2d 776, 783 (11th Cir. 1993)(holding that "*the date of filing shall be that of delivery to prison officials* of a complaint or other papers destined for district for the purpose of ascertaining timeliness")(emphasis in original).

However, the prisoner mailbox rule is strictly construed. The *Houston* exception to the filed-upon-receipt rule does not relieve a prisoner of the responsibility of doing all that he or she can reasonably do to ensure that documents are received by the clerk of court in a timely manner. *Solis-Caceres v. U.S.,* 2010 WL 2731280 (M.D.Fla. July 9, 2010) *citing Thompson v. Raspberry,* 993 F.2d 513, 514 (5th Cir. 1993); *see also U.S. v. Clay,* 2007 WL 4336356 (N.D.Ga. Dec. 6, 2007)(same); *Allen v. Culliver,* 2005 WL 1155672 (S.D.Ala. May 16, 2005)(same).[2] For example, a

---

[2] "Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be

5

prisoner cannot invoke *Houston* if his notice of appeal is filed late because of his failure to affix proper postage, to properly address outgoing mail, or to follow reasonable prison regulations governing outgoing legal mail. *Dison v. Whitley,* 20 F.3d 185, 186-87 (5th Cir. 1994). Likewise the rule does not apply if a *pro se* prisoner delivers his notice of appeal to someone outside the prison system for forwarding to the court. *Allen* 2005 WL 1155672, at *3 *citing Knickerbocker v. Artuz,* 271 F.3d 35, 37 (2d Cir. 2001)(holding that although plaintiff timely dated the notice of appeal, he delivered it to his sister for mailing instead of prison officials thereby negating application of *Houston's* prisoner mailbox rule); *see also Dison,* 20 F.3d at 186 (plaintiff's delivery of his notice of appeal to his agent outside the prison does not constitute a timely filing). Further, the prisoner mailbox rule does not apply where a *pro se* prisoner delivers his complaint "to prison authorities to forward to an outside agent." *Knickerbocker* at 37 *citing Houston,* 487 U.S. at 273.

As noted above, Plaintiff became a three-striker on July 22, 2013. (Doc. 1 at 6). Plaintiff signed his Complaint on July 15, 2013. Presumably, Plaintiff would

---

cited as persuasive authority." *Lanier Constr. v. Carbone Properties of Mobile, LLC,* 253 F. App'x 861, 865 n.5 (11th Cir. 2007).

receive the benefit of the prisoner mailbox rule if, on that date, he delivered his Complaint to the prison authorities for forwarding to the district clerk. If he had had done so, his Complaint would have been deemed filed on July 15, 2013, prior to his classification as a three-striker and he would have been able to proceed with the present action under his requested *in forma pauperis* status.

However, Plaintiff instead chose to forward his Complaint to a Mrs. Joyce B. Ware, who postmarked Plaintiff's Complaint on July 26, 2013, from Duncanville, Alabama, some 200 miles[3] from Holman prison where Plaintiff is housed. (Doc. 1 at 6). The Complaint was received by the district clerk on July 29, 2013 (Doc. 1), and is therefore deemed filed on that date. (*Id.*).

Contrary to the lack of control noted in *Houston,* Plaintiff presumably had at least some control over his agent, Mrs. Ware, and chose to entrust her, rather than prison authorities, to forward his Complaint to the district clerk. Mrs. Ware, unlike prison officials, had no potential "incentive to delay," in filing Plaintiff's Complaint and thus did not trigger the prisoner mailbox

---

[3] From Duncanville, AL to Holman Prison Map, *Google Maps*. Google, 28 October 2013 (indicating 204 miles, 3 hours and 12 minutes).

7

rule. *See Knickerbocker,* 271 F.3d at 37. Therefore, Plaintiff is not entitled to the benefit of the prisoner mailbox rule because, unlike the situation addressed in *Houston*, the delay in this case did not occur due to prison officials' dilatory conduct.

Based on the foregoing, the Court concludes that the date that Plaintiff filed his Complaint is July 29, 2013, post obtaining three-striker status. Accordingly, we agree with the other circuits that have addressed this issue by concluding that the prisoner mailbox rule established in *Houston* is not invoked where a *pro se* prisoner delivers his Complaint to someone outside the prison system for forwarding to the clerk. *Id.*

Consequently, to proceed with the present action, Plaintiff must either pay the full $400[4] filing fee, or present the Court with a situation of imminent danger of serious physical injury at the time he files his Complaint as required by § 1915(g). *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999)(the imminent danger of serious physical injury faced must be at the time the complaint is filed, not at a prior time); *Vanderberg,* 259 F.3d 1321,

---

[4] Effective May 1, 2013, an administrative fee of $50 is to be paid in addition to the $350 filing fee required upon filing of a civil action, for a total of $400. The $50 fee does not apply to persons proceeding in forma pauperis.

8

1324 (holding that the filing fee must be paid by an inmate subject to § 1915(g) at the time an action is commenced). Plaintiff failed to do either. Plaintiff filed both of his Complaints (Docs. 1, 6) without paying the filing fee and later filed Motions to Proceed Without Prepayment of Fees (Docs. 2, 7), which are due to be denied based on Plaintiff's three-striker status reasoned above.

Likewise, the substance of Plaintiff's Complaint fails to meet the "imminent danger of serious physical injury" exception set out in § 1983 for frequent filers. Plaintiff's Complaint is pled in a conclusory manner and conclusions, without more, cannot be taken as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009); *see also Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir. 2000)("[t]his court has consistently held that conclusory allegations without specific supporting facts have no probative value"); *see also Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984)(same).

Even if taken as true, Plaintiff's allegations, at the time he filed his Complaint, do not rise to the level of imminent danger of serious physical injury under § 1915(g). In assessing whether Plaintiff satisfies the exception to § 1915(g), "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown*

9

*v. Johnson*, 387 F.3d at 1350. A plaintiff "must allege and provide specific fact allegations of an ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." *Ball v. Allen*, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007)(unpublished) (citations and quotation marks omitted). The specific allegations must demonstrate that at the time the complaint was filed the danger existed. *Id.* at *2. For example, "[a] prisoner alleges imminent danger of serious physical injury, when he alleges that a total withdrawal of treatment for serious diseases, including human immunodeficiency virus ("HIV") and hepatitis, will cause him to suffer from severe ongoing complications, increased susceptibility to various illnesses, and a rapid deterioration of his condition." S*killern v. Paul,* 202 F. App'x. 343, 344 (11th Cir. 2006)(stating that")(citation omitted).

Absent from Plaintiff's Complaint is any factually supported reference to an imminent and serious physical injury, or establishment of a pattern of Defendants' misconduct likely to result in Plaintiff's imminent and serious physical injury. Plaintiff's Complaint alleges that Defendants inflicted cruel and unusual punishment on

10

him by "neglecting to abate and have [him] moved to safe and adequate shelter." (Doc. 6 at 5). Plaintiff also complains about the prison policies regarding where and how legally handicapped inmates are housed and contends that his "VP shunt has a malfunction in the system and defendant have [sic] no way of knowing if [he] was treated properly due to lack of policies and procedures related to [the] malfunction. (*Id.* at 7).

Plaintiff's Complaint fails to provide factually supported, specific allegations that he faces an imminent danger of serious physical injury and thus, does not rise to the level of § 1915(g)'s exception. Therefore, the Court concludes that at the time Plaintiff filed his Complaint on July 29, 2013, he was not under imminent danger of serious physical injury. Without availing himself of § 1915(g)'s exception, and on account of his failure to pay the filing fee at the time of filing, this action is due to be dismissed without prejudice. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he *initiates* the suit")(emphasis in original). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 31st day of October, 2013.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE